**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EVGENII ZVIAGINTSEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0465-HE |
| | ) | |
| TODD LYONS, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Evgenii Zviagintsev seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).  According to the habeas corpus petition, petitioner is a citizen of Russia who entered the United States lawfully on August 2, 2023 pursuant to the "CBP One" parole program.  Following his release on parole, petitioner applied for asylum and was granted employment authorization.  On January 12, 2026, petitioner, who works as a commercial truck driver, was stopped in Oklahoma at a commercial truck weigh station and detained by ICE.  He is currently detained at Cimarron Correctional Facility in Cushing, Oklahoma.

In his habeas petition, petitioner claims his detention after his release on parole without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment. As ordered, respondents have responded, asserting that petitioner's detention is not in

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin in his official capacity as Secretary of Homeland Security is substituted as respondent for Kristi Noem, in her official capacity as "Acting Secretary of Homeland Security."*

violation of the Fifth Amendment. Respondents note that the habeas petition includes a legal discussion of the distinctions between detention under 8 U.S.C. § 1225 and 8 U.S.C. § 1226, but they contend petitioner has not stated a cause of action under the Immigration and Nationality Act ("INA") and thus has waived it. [Doc. #9, p. 8 n. 4]. Nonetheless, respondents contend petitioner is an "arriving alien" and subject to mandatory detention under § 1225(b)(1). *Id.*

In reply, petitioner states that he did lay out a cause of action under the INA. He asserts that § 1226(a) rather than § 1225(b)(1) governs his detention. Even if § 1225(b)(1) applies, petitioner asserts that the due process clause required a pre-deprivation hearing prior to re-detaining after his release on parole.

Upon review, the court concludes the habeas petition should be granted in part. Initially, the court concludes that the petition should be deemed amended to allege petitioner's mandatory detention is in violation of the INA and to request an individualized bond hearing pursuant to § 1226(a) as an alternative to release. *See* Rule 1(b), Rules Governing Section 2254 Cases (Rules may be applied to habeas corpus petitions arising under § 2241); Rule 12, Rules Governing Section 2254 Cases (Federal Rules of Civil Procedure may be applied to a habeas corpus proceeding); Fed. R. Civ. P. 15(a)(2) (Party may amend its pleading with court's leave and "court should freely give leave when justice so requires.").

Turning to the merits of the INA claim, the court agrees with other district courts which have concluded that "[n]oncitizens who remain in the United States after their [humanitarian] parole ended are not 'arriving aliens.'" Quintero v. Olson, Civil Action No.

4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. March 3, 2026) (citing cases); *see also* Linarez v. Stamper, No. 1:26-cv-00101-JAW, 2026 WL 592294, at *5 (D. Maine Mar. 3, 2026) ("Although the expiration of § 1182 parole returns the parolee 'to the custody from which he was paroled' 8 U.S.C. § 1182(d)(5)(A), district courts across the country have consistently held that the expiration of § 1182 parole does not require treating the noncitizen as if they had never been paroled in the first place."). In addition, they are not "seeking admission" for purposes of § 1225(b)(2)(A), despite a pending asylum application. Quintero, 2026 WL 596643, at *1 (citing cases); *see also*, Iza by Iza v. Larocco, ___ F. Supp. 3d ___, 2026 WL 31378, at *11 (E.D. N.Y. Jan. 5, 2026) ("[W]hile [petitioner's] application for asylum and withholding of removal may indicate that he continues to seek something, what he seeks is not admission or lawful entry to the United States, but to obtain a lawful means to remain here where he has been continuously residing for more than three years.") (quotation marks and emphasis omitted).

The court concludes that § 1226(a) governs petitioner's detention, and thus, he is entitled to an individualized bond hearing. The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

---

[2] *The court declines to decide the merits of petitioner's Fifth Amendment Due Process Clause claim in light of its ruling that § 1226(a) governs petitioner's detention.*

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE